[No. 37728.    Department One.    April 22, 1965.]

*In the Matter of the Application for a Writ of Habeas Corpus of* PAUL E. SNYDER, *Appellant,* v. ROGER F. MAXWELL, *as Superintendent of the State Reformatory, Respondent.**

*Fred R. Staples,* for appellant.

*The Attorney General* and *Don J. Clark, Assistant,* for respondent.

PER CURIAM.—This is an appeal from an order denying application for writ of habeas corpus. The petitioner, who has now been released on parole, was arrested in Benton County and, on May 17, 1961, was there charged by information with grand larceny. The information alleged that the property stolen was of a value in excess of $75 consisting of automobile parts of a value of $150. The record does not otherwise reveal the true value. On May 18, 1961, the petitioner entered a plea of guilty to the charge and, on June 22, 1961, was granted a deferred sentence. September 27, 1963, the deferral of sentence was revoked for violation of probation and the petitioner was committed to the state reformatory for not more than 15 years, such sentence to be suspended on condition he serve 1 year in the county jail and make full restitution. On November 7, 1963, the suspension of sentence was revoked for violation of the

*Reported in 401 P.2d 349.

court's order and the petitioner was committed to the reformatory.

The sole basis of petitioner's claim of error is that he did not competently and intelligently waive the right to counsel upon his plea of guilty. He admits that the trial court advised him correctly, fully, and carefully that he had a right to be represented by counsel at county expense if he was financially unable to retain an attorney. The court offered petitioner a continuance of 1 week in which to determine what to do and directed him to discuss the matter with his parents, which he did. He declined the court's offer to appoint counsel for him. He also admitted to the court that he had committed the crime as charged in the information, which had been read in open court. He further answered that his plea was voluntary, without promise, threat, or inducement by any person.

The petitioner lacked approximately 3 months of being 20 years of age when he was arraigned and pleaded. He had completed the ninth grade in school and, for approximately 2 years prior to his arrest, had been regularly employed at an hourly rate which would amount to approximately $6,750 on an annual basis. He was purchasing an automobile and was contributing to the support of his family.

Petitioner, in support of his claim that he did not intelligently and competently waive counsel, asserts that he was unaware of the distinction between grand larceny and petit larceny and the penalties provided for each, and that, if it could have been established that the value of the property he admits stealing was less than $75, he would not have pleaded guilty to grand larceny. In effect, he urges that it was the duty of the court not only to advise him of his rights, but also to counsel him regarding possible defenses in the event of trial.

We believe that the petitioner's argument is fallacious and his position untenable. He has not cited to us any case directly in point in support of his contention, which he had the burden to sustain. See *Johnson v. Zerbst,* 304 U. S.

458, 82 L. Ed. 1461, 58 Sup. Ct. 1019, 146 A.L.R. 357; *Wilken v. Squier,* 50 Wn.2d 58, 309 P.2d 746.

█ It is well established that the waiver of a right to counsel must be determined by the facts and circumstances of each case. See, *In re Gardner v. Rhay* and *In re Ritchie v. Rhay,* 63 Wn.2d 508, 387 P.2d 967; *Johnson v. Zerbst, supra.*

We are convinced, after carefully and thoroughly reviewing the testimony, briefs and transcript, and considering argument of counsel, that the facts in the case at bar fully support the trial court's judgment. The petitioner was accorded every possible right to which he was entitled, and intelligently waived counsel.

It undoubtedly would be a better and more satisfactory procedure that counsel always be appointed when the defendant is a minor. However, this does not mean that a minor is incapable of waiving counsel.

The judgment is affirmed.